JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brian Kelly

**(b)** County of Residence of First Listed Plaintiff: Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
van der Veen, Hartshorn, Levin & Lindheim
1219 Spruce Street, Philadelphia, PA - (215) 546-1000

## DEFENDANTS
City of Philadelphia, City of Philadelphia Police Department, Police Officer Nicholas Frye and John Does

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's civil rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 2/19/2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael T. van der Veen, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: <u>400 North Broad Street, Philadelphia, PA 19121</u>

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN KELLY | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | Jury Trial Demanded |
| v. | ) | Pursuant to Fed. R. Civ. P. 38(b) |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| CITY OF PHILADELPHIA POLICE | ) | |
| DEPARTMENT, | ) | |
| POLICE OFFICER NICHOLAS FRYE | ) | |
| AND | ) | |
| JOHN DOES #1-10 | ) | |
| | ) | |

## COMPLAINT

### NATURE OF THE CASE

1. This is a civil rights action brought against the City of Philadelphia (Hereinafter "City") and members of the City of Philadelphia Police Department (Hereinafter "Police Department") who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of Pennsylvania and committed torts actionable under the common laws and statutes of the Commonwealth of Pennsylvania.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Eighth and Fourteenth Amendment to the Constitution of the United States, Plaintiff's rights under Article 1, Section 8 of the Constitution of the Commonwealth of Pennsylvania, and the common laws of the Commonwealth of Pennsylvania.

3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

**JURISDICTION & VENUE**

4. Jurisdiction and venue are properly laid in the United States District Court for the Eastern District of Pennsylvania, because the Plaintiff's claims arose in Philadelphia County, Pennsylvania, which is within the jurisdictional boundaries of the Eastern District of Pennsylvania.

**PARTIES**

5. The Plaintiff is, and was at all relevant times, a resident of the Commonwealth of Pennsylvania.

6. Defendant City of Philadelphia (hereinafter "Defendant City") is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania with administrative offices located at 1515 Arch Street, 17th Floor, Philadelphia, PA 19102.

7. Defendant City of Philadelphia Police Department is a department of the Defendant City organized and existing under the laws of the Commonwealth of Pennsylvania with headquarters located at 400 North Broad Street, Philadelphia, PA 19121.

8. Defendant Nicholas Frye was, at all times relevant, a police officer of Defendant City and was acting within the course and scope of his employment and may be served at Defendant police headquarters located at 400 North Broad Street, Philadelphia, PA 19121.

9. Defendant John Does #1-10, a fictitious name used to identify unknown parties, is averred to be an individual and/or entity.

10. Pursuant to Pa. Rule Civ. Pro. 2005(b), the name of Defendant John Does #1-10 is unknown to the Plaintiff after having conducted a reasonable search with due diligence.

11. Pursuant to Pa. Rule Civ. Pro. 2005(b), Defendant John Does #1-10 designation is averred to be fictitious.

12. Pursuant to Pa. Rule Civ. Pro. 2005(b), the factual descriptions of Defendant John Does #1-10 are averred with sufficient particularity for identification. Pursuant to Pa. Rule Civ. Pro. 2005(b), Plaintiff avers that a reasonable search to determine the actual name of Defendant John Does #1-10 has been conducted and yet are believed to be police officers and/or jailers/correction officers of Defendant City of Philadelphia, who were involved in care, custody control and incarceration of the Plaintiff, which caused the injuries and losses suffered by Plaintiff. The caption will be amended in accordance with Pa. Rule Civ. Pro. 2005 upon learning the identity of Defendant John Does #1-10.

13. At all times relevant and material hereto, Defendant(s) was acting through its agents, servants, employees and/or representatives, all of whom were acting within the course and scope of their employment.

14. Defendant(s) is liable for the acts and omissions of its agents, servants, employees and/or representatives through the doctrines of vicarious liability and respondeat superior.

15. At all times relevant and material hereto, Defendant(s) owned, occupied, controlled, maintained and/or possessed the premises and facility where the Plaintiff was a pretrial detainee. It is believed and therefore averred that the facility was located at Defendant City of Philadelphia Police Department Police Headquarters (Hereinafter "Police HQ"), located at 400 North Broad Street, Philadelphia, PA 19121.

## FACTS

16. On March 13, 2023, at approximately 11:45 am, Plaintiff was involved in a motor vehicle accident on Mario Lanza Boulevard at or near its intersection with South 84th Street in Philadelphia, PA.

17. On March 13, 2023, at approximately 11:55 a.m., Defendant City of Philadelphia Police Officer Nicholas Frye arrived at the scene and placed Defendant under arrest for suspicion of driving under the influence.

18. On March 13, 2023, at approximately 1:35 pm., the Plaintiff's blood was drawn at Defendant Police HQ by Defendant's police officer Joseph DiGangi.

19. Thereafter, it is believed and therefore averred that Defendant City discovered Plaintiff vomiting and covered in excrement in his cell and was examined by Defendant City nurse.

20. On March 13, 2023, Plaintiff was taken by Defendant City to Penn Cedar Hospital, where he was admitted at approximately 2:45 p.m.

21. Plaintiff was diagnosed with tachycardia, an abnormal fast heart rate, which measured at 105 beats per minute.

22. Plaintiff's neutrophils and white blood cell count were exceptionally high.

23. On March 13, 2023, at 6:00 p.m., Plaintiff's pulse rate had increased to 116 beats per minute.

24. On the aforesaid date, at 6:05 p.m., Plaintiff lab work came back positive for amphetamines, cocaine, benzodiazepine, fentanyl and methamphetamines.

25. At 7:13 p.m. on the aforesaid date, Plaintiff was discharged from Penn Cedar Hospital in the care of Defendant Police officers John Doe.

26. Plaintiff's discharge diagnosis was essential primary hypertension, urinary tract infection and other psychoactive substance abuse.

27. Plaintiff was discharged in the care, custody, and control of Defendant City Police with instruction that he should be monitored and return to the hospital if he exhibited any of the following symptoms: chest pain; shortness of breath; severe headache or dizziness; weakness; loss of feeling, or confusion.

28. Defendant Philadelphia police officers were given the aforesaid discharge instructions, as it is documented in the Penn Cedar Hospital records that Plaintiff was unable to sign off on the discharge instructions.

29. Plaintiff was then returned to Defendant Philadelphia Police HQ to and held in custody pending his preliminary arraignment with the Discharge Instructions in place.

30. On March 14, 2023, at approximately 9:36 a.m. Plaintiff was preliminarily arraigned in the Municipal Court of Philadelphia via video at Defendant Philadelphia Police HQ and was released on his own recognizance.

31. On March 14, 2023, at approximately 11:19 pm., approximately 13 ½ hours after he had been preliminarily arraigned and released on his own recognizance, Plaintiff was taken by Philadelphia Fire Department Emergency Medical Services to Thomas Jefferson Hospital after he was discovered lying on floor in his jail cell in a deteriorated state since he had returned from Penn Cedar Hospital.

32. Upon Plaintiff's arrival at Thomas Jefferson University Hospital, at approximately 11:45 p.m., Registered Nurse "Rachel C." documented that the Defendant City Police Officers notified her that Plaintiff had nausea, vomiting and diarrhea for approximately 6 hours before he

was transported to the Emergency Department at Thomas Jefferson and that he arrived with snot down his face, could only answer what his name is, and was tachypneic and tachycardic.

33. Furthermore, Thomas Jefferson Hospital Registered Nurse Gina Phillips documented in a note dated March 17, 2023, at 10:46 am, that Defendant Philadelphia notified her that Plaintiff was noted to have diarrhea and vomiting for 6 hours before he was taken to the Emergency Department at Thomas Jefferson.

34. At Thomas Jefferson Emergency Department, Plaintiff was diagnosed with bilateral cerebellar hemisphere basil ganglia infarcts with supratentorial herniations and obstructive hydrocephalus.

35. On March 15, 2023, at approximately Plaintiff underwent surgery at Thomas Jefferson University Hospital. The surgical procedure was performed by Dr. Ahilan Sivaganesan MD, a neurosurgeon.

36. The surgical procedure was a suboccipital decompressive craniectomy for a cerebellar stroke.

37. The aforesaid cerebellar stroke occurred as a result of the negligence, carelessness and/or recklessness of Defendants while Plaintiff was in the care, custody and control as Defendant failed to properly monitor the Plaintiff as required in the discharge instructions from Penn Cedar Hospital as a result of Defendant's deliberate indifference in providing the Community Standard of Care as a pretrial detainee in violation of 42 U.S.C § 1983 and the Eighth and Fourteenth Amendment of the United States Constitution and violation of Article I, § 13 of the Pennsylvania State Constitution.

## FIRST CLAIM FOR RELIEF:

## DELIBERATE INDIFFERENCE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CITY AND CITY OF PHILADELPHIA POLICE DEPARTMENT

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

39. Plaintiff, a pre-trial detainee who was held at Defendant Police HQ, is protected from cruel and unusual treatment under the Eighth Amendment. This includes the right to be protected from dangers of which the Individual Defendants were personally aware, but did not address.

40. Defendant acted with deliberate indifference when he failed to monitor the Plaintiff as per the discharge instructions from Penn Cedar Hospital, which were solely in their possession, and return to provide the Plaintiff with the Community Standard of Care required by them under the Eighth and Fourteenth Amendments and therefore are liable for failing to provide adequate health care as Defendant disregarded the substantial risk of serious harm to the Plaintiff and failed to take reasonable measures to abate it.

41. Defendant City knew that Plaintiff's medical needs were sufficiently serious and that Defendant City knew about and ignored the risk to Plaintiff's health.

42. By virtue of the aforementioned acts, Plaintiff was deprived civil rights guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution, and was caused to suffer physical, economic, and emotional injuries, as well as a depravation of liberty.

43. Defendant City are therefore liable to Plaintiff for both compensatory and punitive damages under to 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF:
## STATE LAW NEGLIGENCE AGAINST DEFENDANT CITY, CITY OF PHILADELPHIA, POLICE DEPARTMENT POLICE OFFICE NICOLAS FRYE AND JOHN DOES 1-10

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

45. Defendants City, Frye and Does 1–10 owed a duty of care to Plaintiff during his time in custody.

46. This duty was breached by these Defendants with respect to the Plaintiff's medical condition during Plaintiff's confinement, as well as the failure to provide Plaintiff with the Community Standard of Medical Care.

47. As a result of this tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, for which Plaintiff is entitled to compensatory and punitive damages.

48. Defendant City is liable for the conduct of these City Defendants and any damages they caused under the doctrine of *respondeat superior*.

## THIRD CLAIM FOR RELIEF:
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT CITY AND CITY OF PHILADELPHIA POLICE DEPARTMENT AND JOHN DOES 1-10

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

50. Defendants City and John Does 1-10 engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff, when they failed to provide him on a timely basis the Community Standard of Medical Care.

51. As a result of this tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, for which Plaintiff is entitled to compensatory and punitive damages.

52. Defendant City are liable for the conduct of these City Defendants John Does 1-10 and any damages they caused under the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF:
## NEGLIGENT HIRING, TRAINING, SUPERVISION, DISICPLINE AND RETENTION AGAINST THE DEFENDANT CITY AND CITY OF PHILADELPHIA POLICE DEPARTMENT

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54. Defendant City negligently hired, trained, supervised, disciplined, and retained Defendants Frye and John Does 1–10.

55. The acts and conduct of these Defendants were the direct and proximate cause of injury and damage to Plaintiff's rights under the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania as violations of Plaintiff's right under the laws of the Commonwealth of Pennsylvania and City of Philadelphia.

56. As a result of this tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, for which Plaintiff is entitled to compensatory and punitive damages.

## FIFTH CLAIM FOR RELIEF:
## VIOLATION OF ARTICLE I, § 13 OF THE PENNSYLVANIA STATE CONSTITUTION AGAINST THE CITY OF PHILADELPHIA, CITY OF PHILADELPHIA POLICE DEPARTMENT FRYE AND JOHN DOES 1-10

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

58. The conduct described herein breached the protections guaranteed to Plaintiff by the Pennsylvania Constitution, including, but not limited to, rights secured under Article 1, § 13.

59. As a direct and proximate result of these Defendants' acts and omissions, Plaintiff was deprived of the rights, privileges, and immunities guaranteed by the Pennsylvania Constitution.

60. As a result of this unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, for which he is entitled to compensatory and punitive damages.

61. Defendant City is liable for the conduct of these City Defendants and any damages they caused under the doctrine of respondeat superior.
punitive damages.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN.**

**WHEREFORE**, Plaintiff, Brian Kelly, prays for judgment against Defendants as follows, a money judgment against Defendants for compensatory, special, and punitive damages and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest and;

Punitive damages are available against Defendants are hereby claimed as a matter of federal common law under Smith v. Wade, 461 U.S. 30 (1983 Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988) and;

For such other and further relief as this Court deems just and equitable.

**van der Veen, Hartshorn, Levin & Lindheim**

Michael T. van der Veen, Esquire
Peter P. Adubato, Esquire
Attorney for Plaintiff
1219 Spruce Street
Philadelphia, PA 19107
(P) 215-546-1000
(F) 215-546-8529
mtv@mtvlaw.com

Date: 2/19/25